UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUSVIN GUSTAVO ARRENDONDO PERALTA,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. 5:26-cv-05045 ADS<br><br>ORDER DISMISSING PETITION AS MOOT |

## I. INTRODUCTION

Petitioner Lusvin Gustavo Arrendondo Peralta filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), seeking release from immigration detention, among other remedies. (Dkt. No. 1.) On November 2, 2026, the parties filed separate status reports. (Dkt. Nos. 19, 20.) The parties agree that Petitioner has been removed from the United States. (Id.) While Petitioner was removed pursuant to a final order of removal, Petitioner continues to have a pending

motion to reopen his removal proceedings with the Board of Immigration Appeals ("BIA"). (Dkt. No. 1 at 5.)

Respondents contend that the Petition is now moot because Petitioner is no longer detained in the United States. (Dkt. No. 20.) However, Petitioner contends the Petition may not be moot. (Dkt. No. 19 at 3.) Petitioner concedes that if no effective relief remains available under the existing Petition, the Petition may be dismissed on mootness grounds. (Id. at 4.)

## II. DISCUSSION

Here, the parties agree that Petitioner was removed from the United States. (Dkt. Nos. 19, 20.) However, the parties dispute whether the Petition is consequently moot. (Id.) "A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." U.S. v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Id. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up) (citation omitted).

In the context of a habeas petition, the core remedy is release from confinement. Pinson v. Carvajal, 69 F.4th 1059, 1070 (9th Cir. 2023). Accordingly, the removal of a noncitizen moots a habeas petition, unless there is a remaining "collateral consequence" that may be redressed. Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). If a

noncitizen challenges his detention, as opposed to a "collateral consequence" of his removal, the noncitizen's removal moots the habeas petition. Id. at 1064-65.

Petitioner contends the Petition may not be moot because of four circumstances. First, Petitioner contends that he was removed while his habeas petition remained pending and unresolved. (Dkt. No. 19 at 3.) However, the mere fact that a habeas petition is pending has no bearing on whether the pending habeas petition is now moot. Further, the Court has already explained in detail that Petitioner failed to provide a basis for the Court to enjoin his removal. (Dkt. No. 17.) Petitioner was removed pursuant to a final order of removal. (Dkt. No. 15.) Accordingly, there is no live case or controversy on this basis.

Second, Petitioner contends that he was removed to Honduras while being a citizen of Guatemala. (Dkt. No. 19 at 3.) However, Petitioner has failed to provide any argument for why he is entitled to habeas relief on this basis. As the Court has already explained in its Order Denying Emergency Ex Parte Application for Temporary Restraining Order, Petitioner has not alleged any fear of residing in Honduras. (Dkt. No. 17.) Petitioner already had the opportunity to contest this third country removal in his immigration proceedings. (Dkt. No. 1 at 5.) In fact, the order of removal explicitly denoted Honduras as the country Petitioner would be removed to. (Dkt. No. 1 at 5.)

Further, Petitioner may continue to litigate his removal order through his pending motion to reopen with the BIA. (Dkt. No. 1 at 5.) If the BIA denies the motion to reopen, Petitioner may seek relief through a direct appeal with the court of appeals. See Iasu v. Smith, 511 F.3d 881, 893 (9th Cir. 2007) (explaining that Congress has vested the court of appeals, as opposed to the district court, with the jurisdiction to

review the denial of a motion to reopen). There is no live case or controversy in this habeas case.

Third, Petitioner contends that the habeas petition is not moot because the Court did not have the opportunity to evaluate the legality of Petitioner's detention. (Dkt. No. 19 at 3.) However, the legality of Petitioner's immigration detention is a moot question because Petitioner is no longer in immigration custody. See Calderon, 518 U.S. at 150 (explaining that a court may not opine on moot questions or abstract propositions). Accordingly, there is no live case or controversy on this basis.

Fourth, Petitioner contends that his removal prevented him from obtaining detention-related relief. (Dkt. No. 19 at 3.) The Court is unable to provide Petitioner with detention-related relief because he is no longer in detention. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released. . . we can no longer provide him the primary relief sought in his habeas corpus petition."); see also Paz v. California, No. SACV 16-0003 GW (SS), 2019 WL 1581418, at *3 (C.D. Cal. Feb. 11, 2019), report and recommendation adopted, 2019 WL 5693766 (C.D. Cal. Oct. 31, 2019) (holding that a challenge to immigration detention was moot because the noncitizen was removed). Petitioner's claim for detention-related relief is moot.

## III. CONCLUSION

Because Petitioner is no longer in immigration custody, Petitioner's challenge to

///

///

///

his immigration detention is moot. Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed without prejudice as moot; and

(2) Judgment will be entered accordingly.

Dated: November 10, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge